## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **Robin Lynette Bell,** | * | |
| | * | |
| **Plaintiff,** | * | **No.** |
| | * | |
| **vs** | * | |
| | * | |
| **Sam's East, Inc. and Morgan's Striping** | * | |
| **Service, Inc.,** | * | **JURY DEMANDED** |
| | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

## COMPLAINT

Robin Lynette Bell hereby sues defendants, Sam's East, Inc., and Morgan Striping

Services, Inc., for harms and losses arising out of a fall that occurred on or about August 31,

2014. Pursuant to Rule 8 of the *Federal Rules of Civil Procedure*, Ms. Bell describes her claims

as follows:

## PARTIES

1.      Robin Lynette Bell is an adult over the age of eighteen.  She resides in Hamilton County,

Tennessee.

2.      Sam's East, Inc. (hereinafter referred to as "Sam's Club"), is a business entity that was

formed in Arkansas and that maintains its principal place of business in Arkansas. Sam's East,

Inc.'s registered agent is CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN

37929.

3.      Morgan's Striping Service, Inc. (hereinafter referred to as "Morgan's Striping"), is a

business that was formed in Indiana and that maintains its principal office in Indiana. Morgan's

Striping Service, Inc.'s registered agent is Cheryl L. Morgan, 19399 Covered Bridge Way, Noblesvile, IN, 46060.

## JURISDICTION AND VENUE

4.      Jurisdiction and venue are proper in the United States District Court for the Eastern District of Tennessee, Southern Division, because a substantial part of the events or omissions giving rise to the claims in this case occurred in Hamilton County, Tennessee. Further, there is diversity of citizenship pursuant to 28 § U.S.C. 1332 because Ms. Bell is from a different state than the defendants, and because the amount in controversy exceeds $75,000.00.

## BACKGROUND

5.      Defendant Sam's Club is a membership-only warehouse chain that sells a variety of bulk grocery items, electronics, and home goods.

6.      Defendant Sam's Club owns, operates, and maintains, a store at 6101 Lee Highway, Chattanooga, Tennessee 37421.

7.      The store has a large parking lot. Various areas of the parking lot are painted in striped white and blue patterns.

8.      Defendant Sam's Club was responsible for maintaining this parking lot in a safe condition for its customers to walk upon.

9.      Defendant Morgan's Striping is a professional pavement marking and maintenance company.

10.      Upon information and belief, Defendant Morgan's Striping was hired by Defendant Sam's Club to paint and/or maintain the stripes on the Sam's Club parking lot.

11.      Painted stripes on concrete and asphalt can become slippery when wet.

12.      When painting stripes on concrete and asphalt, a company can add sand or other materials to the paint to provide a safe, textured, non-slippery walking surface on the painted

areas.

13.     Upon information and belief, when Defendant Morgan's Striping painted the lines on the

Sam's Club parking lot, Morgan's Striping did not add any sand or other such material to the

paint. Alternatively, Plaintiff alleges that Morgan's Striping did not add sand or other materials

in appropriate quantities to prevent the paint from becoming slippery.

14.     On August 31, 2014, it rained and the parking lot at Sam's Club became wet.

15.     The painted lines at Sam's Club became slippery.

16.     Plaintiff, Robin Lynnette Bell, shopped at Sam's Club on that day.

17.     When Ms. Bell finished shopping, she exited the store and walked onto the Sam's Club

parking lot.

18.     As she was walking on the parking lot, Ms. Bell's foot slipped on a slippery painted line,

and she fell.

19.     During the fall, Ms. Bell suffered injuries to her head, neck, knee, and other parts of her

body.

20.     At all times, Ms. Bell conducted herself in a reasonably safe manner.

## NEGLIGENCE OF SAM'S CLUB

21.     Ms. Bell sues Defendant Sam's Club under a theory of negligence.

22.     A company has a duty to take reasonable steps to protect customers from safety hazards it

knows or has reason to know about.

23.     A company must provide a safe walking surface for its customers to walk on.

24.     A company must perform reasonably frequent inspections and maintenance of their

walkways.

25.     A company has a duty to warn customers of safety hazards that it knows about or has

reason to know about.

26.     A company has a duty to train its employees in the detection and correction of dangerous conditions.

27.     A company has a duty to hire employees who are qualified to take the appropriate steps necessary for the detection and correction of dangerous conditions.

28.     Defendant failed to comply with one, multiple, or all of the above duties, constituting negligence.

29.     Defendant's failure to comply with one, multiple, or all of the above duties caused Ms. Bell to fall and be injured.

## NEGLIGENCE OF MORGAN'S STRIPING

30.     Ms. Bell sues Defendant Morgan's Striping under a theory of negligence.

31.     A company must use reasonable care in painting stripes on a walking surface.

32.     When painting or coating a walkway surface, a company must properly add a slip resistant additive to the paint to make the paint slip resistant to protect people from falling.

33.     Defendant failed to comply with one, multiple, or all of the above duties, constituting negligence.

34.     Defendant's failure to comply with one, multiple, or all of the above duties caused Ms. Bell to fall and be injured.

## DAMAGES

35.     As a direct and proximate result of the carelessness, recklessness and negligence of the defendants, Ms. Bell suffered severe bodily injuries to her head, neck, knee and body.

36.     Generally, Ms. Bell has suffered the following harms and losses:

    (a)     Permanent injuries to her knee and body as a whole, past and future;

    (b)     Pain, mental anguish and suffering, past and future;

    (c)     Medical and hospital expenses, past and future;

(d)     Loss of the enjoyment of life, past and future;

(e)     Lost wages and loss of earning capacity, past and present.

37.     The negligence of Defendants caused Ms. Bell to fall.

38.     The negligence of Defendants caused 100% of Ms. Bell's harms, losses, injuries, and damages.

39.     The types of harms and losses sustained by Ms. Bell were the foreseeable and natural result of Defendants failure to comply with one or more of the above duties.

40.     Ms. Bell seeks fair, just and reasonable compensation from Defendants in the amount of $600,000.00.

WHEREFORE, Ms. Bell demands a judgment against defendant in the total amount of six hundred thousand dollars ($600,000.00) and DEMANDS A JURY to try the issues when

MASSEY & ASSOCIATES, PC


By:  s/ Joshua R. Ward
      Gary Massey, Jr. BPR No.:  19490
       Danny R. Ellis BPR No.: 20747
       Joshua R. Ward BPR no. 31329
      1024 E ML King Blvd
      Chattanooga, TN 37403
      Phone:  (423) 697-4529
      Fax:    (423) 634-8886
      Attorneys for Plaintiff
      gary@masseyattorneys.com
      danny@masseyattorneys.com
      josh@masseyattorneys.com