UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| ROBIN LYNETTE BELL, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:16-cv-315-SKL |
| | ) | |
| SAM'S EAST, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **O R D E R**

Before the Court are multiple motions in limine (sometimes "MIL" or "MILs") filed by Sam's East, Inc. ("Sam's") and Morgan's Striping Service, Inc. ("Morgan's") (collectively "Defendants"). The motions addressed herein, some of which are jointly filed by Defendants, some of which are filed only by Sam's, and some of which are combined in a single motion are:

(1) Sam's' MIL #1 [Doc. 39] – to exclude evidence and argument about Sam's size, revenue, or profitability;

(2) Sam's' MIL #2 [Doc. 40] – to exclude certain portions of the deposition testimony of Quinn Schratz ("Schratz");

(3) Sam's' MIL #3 [Doc. 41] – to exclude certain prior incident evidence;

(4) Sam's' MIL #6 [Doc. 43] – to deem certain medical records authenticated;

(5) Defendants' MIL #4 [Doc. 42]– to exclude testimony and argument by Plaintiff and other lay witnesses about what doctors have said to Plaintiff about her condition, about what Plaintiff has read about her condition, what persons with similar diagnoses have said to Plaintiff about her condition, and Plaintiff's beliefs and opinions about her condition, including the causes of the symptoms, her future, and what treatment is appropriate;

(6) Defendants' MIL #7 [Doc. 45] – to exclude any evidence and other evidence not previously identified by Plaintiff;

(7) Defendants' MILs #16-25 [Doc. 46] –

(a) MIL #16 – to prohibit use of displays/models/documentary evidence or other tangible evidence not previously identified as exhibits, provided to opposing counsel prior to trial, and admitted into evidence;

(b) MIL #17 – to require counsel to advise the Court of the order and presentation of proof so that counsel will know what witnesses will be called the following day;

(c) MIL #18 – to bar the introduction of any portion of the deposition of any individual to which an objection was made, unless the Court first considers and overrules the objection;

(d) MIL # 19 – to prohibit Plaintiff from adducing testimony or comments that the trial or an adverse verdict would not impact Defendants or their reputation;

(e) MIL #20 – to bar reference to whether medical malpractice lawsuits or adverse verdicts increase insurance premiums;

(f) MIL #21 – to prohibit "golden rule" arguments, *i.e.*, telling jurors to put themselves in the position of Plaintiff;

(g) MIL #22 – to exclude improper references to the cost of the defense, including the resources of the law firm;

(h) MIL #23 – to exclude all witnesses from the courtroom at trial;

(i) MIL #24 – to exclude medical records or bills unless they have been properly introduced by the custodians of the records or another competent witness who can testify as to their admissibility; and

(j) MIL #25 – to bar Plaintiff from arguing or testifying that any violations of Defendants' own policies are proof of a violation of the applicable standard of care [Doc. 46].

Plaintiff has filed various responses to the motions in limine and Defendants have filed various replies, all of which have been considered. Commendably, the parties have indicated mutual agreements regarding some of the issues raised in the motions in limine.

## I. BACKGROUND

This case involves an alleged slip and fall accident in Sam's' parking lot on August 31, 2014. Plaintiff claims she slipped on a painted line and that the company that painted the line, Morgan's, failed to put in additives to make the paint less slippery when wet. Plaintiff seeks $600,000 in damages for "(a) Permanent injuries to her knee and body as a whole, past and future; (b) Pain, mental anguish and suffering, past and future; (c) Medical and hospital expenses, past and future; (d) Loss of the enjoyment of life, past and future; [and] (e) Lost wages and loss of earning capacity, past and present." [Doc. 1 at Page ID # 4-5].

## II. STANDARDS

"In a diversity case, the admissibility of evidence is a procedural matter governed by federal law." *Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815, 829 (6th Cir. 2000) (citation omitted). A motion in limine is a motion "'to exclude anticipated prejudicial evidence before the evidence is actually offered.'" *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) (quoting *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)). The goal of a motion in limine

is "'to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions.'" *Id.* (quoting *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990)). As the United States Court of Appeals for the Sixth Circuit has noted, "[o]rders in limine which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility of evidence as they arise." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975).

### III. ANALYSIS

#### A. Sam's' MIL #1 to Exclude Evidence of Size, Revenue, or Profitability

Sam's' first motion in limine seeks to exclude Plaintiff from presenting any evidence or from making any argument about its size, revenues, or profitability as being irrelevant and intended to arouse prejudice [Doc. 39]. Plaintiff opposes the motion claiming such evidence is relevant to prove Sam's' negligence and to determine the level of care required because profitability "goes to the probability of harm, the magnitude of harm and the feasibility of safer conduct." [Doc. 68 at Page ID #1031]. Plaintiff argues it is reasonable for a jury to conclude that because Sam's has superior financial resources and "serve[s] millions of people every day," it can "investigate and adopt costly measures to make its parking lots safer." [*id*. at # 1031-32]. Sam's argues in reply that "[i]t is a well-established rule that evidence of the pecuniary position of either of the parties is not admissible in an action to recovery compensatory damages for personal injuries" and notes Plaintiff has not pled a claim for punitive damages [Doc. 81 at Page ID # 1151-52]. Sam's also argues the probative value of such evidence is substantially outweighed by the danger of unfair prejudice pursuant to Fed. R. Evid. 403.

There is no claim for punitive damages in this case. The Court agrees with the arguments made by Sam's that evidence or argument regarding its size, revenues, or profitability is irrelevant

4

and that the probative value of such evidence is substantially outweighed by the danger of unfair prejudice pursuant to Fed. R. Evid. 403. Accordingly, MIL #1 [Doc. 39] to exclude any evidence or argument about the size, revenues, or profitability of Sam's is **GRANTED**.

### B. Sam's' MIL #2 to Exclude Portions of Schratz's Testimony

Unlike other deponents, persons deposed as corporate designees under Rule 30(b)(6) must testify on matters not only within their personal knowledge, but also on matters reasonably known by the responding entity. Fed. R. Civ. P. 30(b)(6) (stating a designee "must testify about information known or reasonably available to the organization"). As a result, when a Rule 30(b)(6) deposition is requested, a party is obligated to prepare one or more witnesses so that they "may give complete, knowledgeable and binding answers on behalf of the corporation." *Dravo Corp. v. Liberty Mut. Ins. Co.*, 164 F.R.D. 70, 75 (D. Neb. 1995) (citation, internal quotation marks, and alteration omitted)). Sam's designated Schratz as its Rule 30(b)(6) deponent for certain topics, but not others.

Sam's argues that certain testimony by Schratz is outside the scope of the agreed upon Rule 30(b)(6) topics for which the witness was designated [Doc. 40]. Plaintiff responds that whether Schratz's testimony is construed as the testimony of Sam's pursuant to Rule 30(b)(6) or as his personal testimony under Rule 32(a)(3), it is both admissible and binding on the corporation [Doc. 69]. In reply, Sam's states "Schratz is not a club level employee and had limited knowledge regarding the topics concerning club level issues. For these reasons, Sam's designated a club-level witness for those topics, as required by Rule 30(b)(6). Sam's counsel advised [P]laintiff's counsel of same . . . [but] Plaintiff never asked to depose said [club level employee]." [Doc. 82 at Page ID # 1154].

Although not entirely clear, the parties appear to agree that Schratz was obligated to be able to answer questions about the topics for which he was designated and could also answer any question asked if able to do so subject to objections that may or may not have been reserved. Where they seem to part ways is whether Sam's is bound by Schratz's testimony that Sam's contends is not within the scope of his Rule 30(b)(6) designation. Plaintiff indicates she will call Schratz as a live witness and via deposition [Doc. 32 at Page ID # 102]. Sam's lists all the deposition testimony it wants excluded as outside the scope of Schratz's Rule 30(b)(6) designation, but Plaintiff does not directly indicate whether she will actually attempt to use all of that testimony or whether Schratz's testimony is actually admissible under Rule 32(a)(3) based on his position with Sam's, although Rule 32(a)(3) is cited by Plaintiff.

Under Rule 32(a)(3), "[a]n adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)." The parties seem to agree that Schratz is a facilities manager for *Wal-Mart*. As relevant under Rule 32, however, little is offered to explain what being a facilities manager entails, how it differs from being a "club level employee" of Sam's, or whether Schratz was a managing agent of Sam's when deposed.

Given the dearth of information provided, the Court will **RESERVE RULING** on Sam's' MIL #2 [Doc. 40]. The parties are **DIRECTED** (1) to **CONFER** in person or by telephone to narrow, if possible, these issues prior to the final pretrial conference ("FPT") and (2) to be prepared to **ADDRESS** these issues on a deposition line-by-line basis (with highlighted copies of any testimony at issue provided to the Court and staff) during the final FPT.

C. **Sam's' MIL #3 to Exclude Prior Incidents**

Sam's argues any evidence or argument about a certain unrelated, August 2012 slip and fall incident at a gas pump should be excluded, because it is not substantially similar to Plaintiff's accident [Doc. 41]. Plaintiff agrees that the August 2012 incident is not substantially similar and agrees to the exclusion of that incident [Doc. 70]. Plaintiff, however, notes that she reserves the right to put on evidence of other prior falls that are substantially similar to her fall. In reply, Sam's indicates it is not aware of any other falls, and asserts that Plaintiff did not disclose any other falls [Doc. 83].

As to the August 2012 incident, the motion is **GRANTED** by agreement. As to any other incidents, Plaintiff is instructed to raise any allegedly similar incident evidence outside the presence of the jury prior to attempting to introduce such evidence so that the Court may rule on its admissibility. The Court **RESERVES RULING** on the admissibility of any other incident evidence, if any. Plaintiff is cautioned that she must address any lack of disclosure and lay a proper foundation establishing the similarity between any prior incident and the present accident before such other incident evidence would be allowed. *See Stroming v. Houston's Rest.*, No. 01A-01-9304-CV-00189, 1994 WL 658542, at *2 (Tenn. Ct. App. Nov. 23, 1994).

D. **Defendants' MIL #4 to Exclude Plaintiff's Lay Witness Testimony**

Defendants' fourth motion in limine seeks to exclude all argument and testimony by Plaintiff and other lay witnesses regarding what doctors have said to her about her condition, what she has read about her condition, what persons with similar diagnoses have said to her about her condition, and her beliefs and opinions about her condition, including the causes of the symptoms, her future, and what treatment is appropriate [Doc. 42]. As grounds for this exclusion, Defendants states that (1) Plaintiff is not qualified to testify on these issues, (2) much of the covered testimony

would be inadmissible hearsay, (3) there would be no probative value to such testimony, and (4) any such value would be substantially outweighed by the danger of unfair prejudice. Plaintiff concedes she cannot testify as a medical expert, but claims she can testify as to what her doctors told her as long as she is offering that testimony not to prove the truth of the matter asserted, but only to show the emotional toll her injuries have had on her, and to prove the reasonableness of her actions and treatment [Doc. 71]. In reply, Sam's argues such testimony would be unreliable and prejudicial [Doc. 84].

The Court will **RESERVE RULING** on this issue until seeing the manner in which any such evidence is offered at trial and considering any appropriately made objections at that time. The parties are **INSTRUCTED** to **CONFER** and jointly propose at the FPT a limiting instruction for the jury to the extent the lay testimony of this nature may be allowed for a reason other than the truth of the matter asserted.

### E. Defendants' MIL #6 to Deem Plaintiff's Records Authenticated

The parties are in agreement that records from Academy of Allied Health Careers, Advanced Banking Services, Advanced Surgical Concepts, Associates in Ear, Nose and Throat/Head & Neck Surgery, Chattanooga Neurology Associates, and other medical providers fit the hearsay exception for records of regularly conducted business activity under Fed. R. Evid. 803(6), and that the custodian for each provider has delivered an affidavit properly authenticating the records pursuant to Fed. R. Evid. 902(11) [Docs. 43, 44 & 72]. Thus, the sixth motion in limine [Doc. 43] is **GRANTED** and the records **SHALL** be deemed authenticated.

### F. Defendants' MIL #7 to Exclude Documents/Witnesses

Defendants' seventh motion in limine asks the Court to exclude any documents not produced by Plaintiff and to exclude any witnesses not identified pursuant to Fed. R. Civ. P. 37

8

[Doc. 45]. As argued by Plaintiff in response, Defendants do not identify any particular witness or evidence to exclude. Rule 26 requires each party to identify all witnesses and exhibits, including demonstrative or summary exhibits that it expects to introduce at trial as well as those exhibits each party may introduce if needed. Moreover, any failure to make required disclosures may result in the Court's excluding the use of the evidence at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). While pretrial disclosure requirements do not include documents or testimony that may be introduced solely for impeachment purposes, as part of preparing for trial, the parties must share all documents they intend to introduce into evidence and identify all witnesses they expect to or may call.

At this time, the seventh motion in limine does not appear to be properly supported, as any witness or document at issue remains a mystery. Accordingly, the seventh motion in limine [Doc. 45] is **DENIED** on the current record. This ruling does not prohibit any party from raising appropriate objections at trial with respect to any undisclosed witness or document.

### G. Defendants' MIL #16 to Prohibit Unidentified Exhibits

Defendants seek to prohibit Plaintiff's use of displays/models/documentary evidence or other tangible evidence that were not previously identified as exhibits, provided to opposing counsel prior to trial, and admitted into evidence [Doc. 46]. Plaintiff responds that the rules allow introduction of undisclosed impeachment evidence and that no rule prohibits use of models/displays, etc., for demonstrative purposes that are not admitted into evidence [Doc. 74]. Plaintiff indicates she plans to use evidence in opening statements that Plaintiff believes will be admitted and evidence that Plaintiff listed in pretrial disclosures to which Defendants did not object. Sam's, in reply, addresses only excluding witnesses and evidence not identified in response

9

to discovery requests and does not address demonstrative exhibits or evidence offered for impeachment purposes [Doc. 87].

The sixteenth motion in limine is **DENIED** on the current record. This ruling does not prohibit any party from raising an appropriate objection at trial with respect to any undisclosed witnesses or evidence.

In the Court's discretion, however, the parties are **INSTRUCTED** to identify to opposing counsel any display/model/and the **content** of any electronic or digital materials they intend to use in the opening argument and any evidence they intend to show the jury in her or its opening statements by **6:00 P.M. the day prior** to the beginning of the trial. Counsel are also **REMINDED** that the Court's scheduling order requires the parties, at least five days before the FPT, to "disclose to one another and to the Court the technology they intend to use in the courtroom during the trial and how they intend to use it (*e.g.*, display equipment; data storage, retrieval, or presentation devices). This disclosure shall list (1) equipment they intend to bring into the courtroom to use, and (2) equipment supplied by the Court which the parties intend to use." [Doc. 31 at Page ID # 99].

### H. Defendants' MIL #17 Regarding Order of Proof

Defendants want to require a process by which counsel will reveal what witnesses will be called the following day of trial. Plaintiff does not want to engage in this disclosure and claims it is not required by any rule. While not required by any particular rule, this type of common professional courtesy will facilitate an efficient trial so the Court, in its discretion, **INSTRUCTS** counsel to identify to opposing counsel by **6:00 P.M. each day** the witnesses she or he intends to present in person or by deposition the following day of trial. Although giving this instruction, the

Court concludes this is not a proper topic for a motion in limine and, therefore, the seventeenth motion in limine is **DENIED**.

I.  **Defendants' MIL #18 Regarding Use of Deposition Testimony**

Defendants move to bar the introduction of any portion of the deposition of any individual to which an objection was made, unless the Court first considers and overrules the objection. Plaintiff responds that she timely disclosed her intention to use certain depositions under Fed. R. Civ. P. 26(a)(3)(B), and Defendants failed to file any timely objections to the use of those depositions (except as addressed in other motions). Plaintiff also argues she can use deposition testimony for impeachment. The Court will be addressing certain specific objections in connection with other pending motions in limine and declines to attempt to otherwise address this vague motion. Accordingly, the eighteenth motion in limine is **DENIED** without prejudice to making appropriate objections at trial.

J.  **Defendants' MIL #19 Impact on Defendants/Liability Insurance**

Defendants' nineteenth motion in limine seeks to prohibit Plaintiff from presenting any evidence or making any argument to the effect that this case would have no impact on Defendants or their reputations as this would allow an improper suggestion that Defendants have insurance to cover their losses. Plaintiff states she will not imply that Defendants do or do not have insurance, but that Defendants' request is too broad. The Court tends to agree with Plaintiff's position given that no specifics other than insurance are indicated by the arguments. Accordingly, the aspect of Defendants' nineteenth motion in limine that seeks to exclude any evidence or argument about Defendants' insurance, or lack thereof, is **GRANTED**. All remaining aspects of the motion about Defendants' reputations appear to be ill defined and overbroad and, thus, any remaining aspect of the nineteenth motion in limine is **DENIED** subject to appropriate objection at trial.

### K. Defendants' MIL #20 Regarding Lawsuits/MIL #21 Regarding "Golden Rule"

The parties are in agreement that evidence and argument regarding medical malpractice lawsuits or telling jurors to put themselves in the position of Plaintiff under the so-called "Golden Rule" argument are improper and should be excluded. Accordingly, Defendants' twentieth and twenty-first motions in limine are **GRANTED**.

### L. Defendants' MIL #22 Regarding Cost of Defense

Defendants seek to exclude improper references to the cost of the defense, including the resources of the law firms. In response, Plaintiff argues such references may be relevant especially in jury selection or if Defendants use costly presentation methods that Plaintiff cannot afford. In reply, Defendants argue the pecuniary condition of the parties is not admissible in an action to recovery compensatory damages for personal injuries. Defendants' twenty-second motion in limine is proper to the extent it seeks to exclude *improper* references to the costs of defense or resources of the parties or law firms. However, Plaintiff will be allowed to conduct appropriate voir dire to determine any potential juror's prior relationship or impression, if any, of any of the involved firms. Accordingly, the Court **RESERVES RULING** on the twenty-second motion in limine and the parties are **DIRECTED** to **CONFER** and jointly submit a proposed limiting instruction on this topic prior to trial.

### M. Defendants' MIL #23 Regarding Excluding Witnesses

The parties are in agreement that witnesses should be excluded from the courtroom. Accordingly, pursuant to Fed. R. Evid. 615, Counsel **SHALL** be responsible for ensuring full compliance with Rule 615 and with preventing witnesses from being in the courtroom or otherwise hearing other witnesses' testimony. This issue, however, does not require a motion in limine. Therefore, Defendants' twenty-third motion in limine is **DENIED as MOOT**.

### N. Defendants' MIL #24 Regarding Medical Records

Defendants argue Plaintiff should not be allowed to introduce medical records unless they have been properly introduced by the custodians of the records or another competent witness who can testify as to their authenticity. Plaintiff responds that Defendants are improperly asking the Court to affirm the rules of evidence and notes that the parties made exhibits during the depositions of Dr. Eck and Dr. Wyatt and Defendants did not object to the use of these depositions (which would include the exhibits). As Defendants have identified no such medical records, the Court cannot determine whether there is actually an issue presented in this twenty-fourth motion in limine, and the Court **DENIES** the motion as unspecified subject to appropriate objections at trial if necessary.

### O. Defendants' MIL #25 Regarding Policies

Defendants seek to bar Plaintiff from arguing or testifying that violations of Defendants' own policies are proof of a violation of the applicable standard of care. Plaintiff, in response, cites cases which hold that while a defendant's internal policies cannot conclusively establish the standard of care, the policies can still be relevant to establishing the standard of care. Plaintiff also argues the policies could be relevant to show foreseeability of injury resulting from the violation of those policies, which is relevant to the issue of breach of duty and proximate cause. Moreover, Plaintiff alleges Sam's did not properly train its employees in the detection and correction of dangerous conditions, and thus Sam's' internal policies will be relevant. As Defendants have not shown the evidence and argument should be excluded for all purposes, the twenty-fifth motion in limine is **DENIED**. Again, the parties are **DIRECTED** to confer and jointly submit an appropriate proposed limiting instruction on this topic at the FPT.

## IV. CONCLUSION

For the reasons set forth above,

> (1) MIL #1 [Doc. 39] – to exclude evidence and argument about Sam's' size, revenue, or profitability – is **GRANTED**;
>
> (2) MIL #2 [Doc. 40] – to exclude certain portions of the deposition testimony of Schratz – is **RESERVED** and the parties are **DIRECTED** to follow the instructions noted herein;
>
> (3) MIL #3 [Doc. 41] – to exclude certain prior incident evidence – is **GRANTED IN PART AND RESERVED IN PART**;
>
> (4) MIL #4 [Doc. 42] – to exclude Plaintiff's lay testimony – is **RESERVED** and the parties are **INSTRUCTED** to follow the instructions noted herein;
>
> (5) MIL #6 [Doc. 43] – to deem certain medical records authenticated – is **GRANTED**;
>
> (6) MIL #7 [Doc. 45] – to exclude any evidence and other evidence not previously identified by Plaintiff – is **DENIED**; and
>
> (7) MIL #16-25 [Doc. 46] – is **GRANTED, DENIED, AND RESERVED IN PART** and the parties are **DIRECTED** to follow the instructions noted herein.

SO ORDERED.

ENTER:

*s/ Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE